UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MEARS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PRIDE INDUSTRIES, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 16-CV-3095 W (WVG)<br><br>**ORDER DENYING MOTION TO PROCEED IFP [DOC. 2]** |

　　　　Plaintiff John Mears has filed a motion to proceed in forma pauperis ("IFP") (the "Motion" [Doc. 2]).  The determination of indigency falls within the district court's discretion.  California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

　　　　It is well-settled that a party need not be completely destitute to proceed in forma pauperis.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).  To

1

1   satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which
2   states that one cannot because of his poverty pay or give security for costs ... and still be
3   able to provide himself and dependents with the necessities of life." Id. at 339.  At the
4   same time, however, "the same even-handed care must be employed to assure that federal
5   funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor
6   who is financially able, in whole or in material part, to pull his own oar." Temple v.
7   Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

8        District courts, therefore, tend to reject IFP applications where the applicant can pay
9   the filing fee with acceptable sacrifice to other expenses.  See, e.g., Stehouwer v. Hennessey,
10  851 F.Supp. 316, (N.D.Cal. 1994), *vacated in part on other grounds*, Olivares v. Marshall, 59
11  F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring
12  partial fee payment from prisoner with $14.61 monthly salary and $110 per month from
13  family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially
14  permitted to proceed in forma pauperis, later required to pay $120 filing fee out of $900
15  settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (in forma
16  pauperis application denied: "plaintiff possessed savings of $450 and the magistrate
17  correctly determined that this amount was more than sufficient to allow the plaintiff to pay
18  the filing fee in this action.").  Moreover, the facts as to the affiant's poverty must be stated
19  "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d
20  938, 940 (9th Cir. 1981).

21       Here, the application Plaintiff used to apply for IFP status required him to identify
22  any sources of "other income," including "the amount that you received." (*See Motion* ¶ 3.)
23  Plaintiff acknowledged that he "receives unemployment insurance (EDD)" but he failed to
24  identify the amount he receives. (*Id.*)  Without that information, the Court cannot
25  //
26  //
27

evaluate if Plaintiff satisfies the requirements for IFP status. Accordingly, Plaintiff's Motion [Doc. 2] is **DENIED** without prejudice.

      **IT IS SO ORDERED**.

Dated:  January 23, 2017

                                    Hon. Thomas J. Whelan
                                    United States District Judge